# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**241**
**KA 10-01094**
PRESENT: SCUDDER, P.J., FAHEY, CARNI, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

GARY REEB, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Erie County Court (Michael F. Pietruszka, J.), entered April 8, 2010 pursuant to the 2009 Drug Law Reform Act. The order denied defendant's application to be resentenced upon defendant's 2004 conviction of criminal sale of a controlled substance in the third degree.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: On October 13, 2004 defendant was convicted upon his plea of guilty of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and was sentenced as a second felony offender to an indeterminate term of incarceration of 6 to 12 years. That crime was committed on September 20, 2003. On January 21, 2010, defendant applied for resentencing pursuant to CPL 440.46. County Court denied the application on the ground that defendant was ineligible for resentencing because he had a predicate conviction for an "exclusion offense," i.e., "a crime for which [defendant] was previously convicted within the preceding ten years, excluding any time during which [he] was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony, which was . . . a violent felony offense as defined in section 70.02 of the penal law" (CPL 440.46 [5] [a] [i]). On October 27, 1995, defendant was convicted of two class D violent felony offenses, committed on August 18, 1995 and September 5, 1994, respectively.

The court erred in denying defendant's application on the ground that the two violent felony offenses fall within the definition of "exclusion offense" because they were committed within the 10-year period preceding the instant controlled substance offense for which defendant seeks resentencing. The phrase "within the preceding ten

years" in CPL 440.46 (5) does not refer to the period between the previous felonies and the present felony but, rather, it refers to the 10-year period preceding the date of filing of the application for resentencing (*see People v Hill*, ___ AD3d ___ [Feb. 18, 2011]; *People v Sosa*, ___ AD3d ___ [Feb. 8, 2011]).  The record, however, supports the People's contention that, taking into account the time during which defendant was incarcerated between the previous felonies and the present felony, defendant's application was premature (*see* CPL 440.46 [5] [a]), and thus the application was properly denied.

Entered:  March 25, 2011                    Patricia L. Morgan
                                            Clerk of the Court